UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE R. COREY,

                      Plaintiff,

          -against-

BROOME COUNTY CORRECTIONAL FACILITY; DAVID HARDEN, Sheriff, Broome County; MARK SMLOINSKY, Jail Administrator; JOHN & JANE DOE, Dr. and Medical Staff,

                      Defendants.

20-CV-9731 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated at Willard Drug Treatment Campus, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that Defendants were deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment, while he was a prisoner at Broome County Correctional Facility. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

Plaintiff alleges that Defendants failed to provide constitutionally adequate medical care for him while he was confined at Broome County Correctional Facility, in Binghamton, New York. Plaintiff alleges that all of his claims arose in Broome County, New York, and provides addresses for all Defendants in Broome County. Because Plaintiff alleges that the events or omissions giving rise to his claim arose entirely outside this district, and that all Defendants reside outside this district, venue is not proper in this Court under § 1391(b)(1), (2).

Plaintiff's claims arose in Broome County, which is in the Northern District of New York. *See* 28 U.S.C. § 112(a). Accordingly, venue is proper in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and the Court transfers this action to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Northern District of New York. A summons shall not issue from this Court. Whether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes the case in this Court.

SO ORDERED.

Dated:   November 19, 2020
        New York, New York

                                          COLLEEN McMAHON
                                   Chief United States District Judge